```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| JUNIOR PAUL BUIS, | |
| Plaintiff, | |
| v. | Civil Action No. 5:15-CV-34-JMH |
| COMMISSIONER OF SOCIAL SECURITY, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

*** *** ***

This matter is before the Court upon cross-motions for Summary Judgment [DE 9, 10] on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits.[1] For the reasons discussed below, the Commissioner's motion will be granted and Plaintiff's motion will be denied.

**I. Overview of the Process and the Instant Matter**

The Administrative Law Judge (ALJ), in determining disability, conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

---

[1] These are not traditional Rule 56 summary judgment motions. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 3, 2011. Considering step two, the ALJ found that Plaintiff possessed the severe impairments of status post hemorrhoidectomy and status post repair of anal fissure with residual pain; and hypertension. During step three of the analysis, the ALJ concluded that none of Plaintiff's

2

impairments or combinations of impairments met the severity listed in 20 C.F.R. pt. 404, subpt. P, app. 1.

At step four, the ALJ determined that Plaintiff had a residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c) except that Plaintiff could lift 50 pounds occasionally and 25 pounds frequently; could stand and walk six hours out of an eight hour workday; could sit six hours in an eight hour workday; and that Plaintiff had no limitations on pushing and pulling other than the weight restrictions. Accordingly, he concluded, Plaintiff was not disabled as defined in the Social Security Act.

Plaintiff argues that the Commissioner's decision is not supported by substantial evidence for various reasons. First, Plaintiff contends that the ALJ failed to consider all of his severe impairments. He states that he has the severe impairment of lumbar pain with central canal stenosis and bilateral foraminal narrowing. He also argues that the ALJ erred by failing to consider the effects of his lumbar pain in assessing his RFC. Further, Plaintiff contends that the ALJ erred by failing to comply with legal standards with respect to Plaintiff's treating physician's opinion.

## II. Standard of Review

In reviewing the ALJ's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the ALJ employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286 (citations omitted).

## III. Background

Plaintiff applied for disability insurance benefits on July 27, 2011, alleging that his disability began on April 3, 2011. Following the denial of his claim, an Administrative Law Judge ("ALJ") held a hearing on September 4, 2013. The ALJ denied Plaintiff's claim on October 25, 2013. Denial was affirmed by the Appeals Council on January 14, 2015.

At the time of the ALJ's decision, Plaintiff was fifty-nine years of age. He worked from 1987 to 1998 doing farm labor. From 1999 to 2010, he worked in two different factories—making wire for tires in one and operating a machine to make shoes in the other. He returned to farm labor from June 2010 to April 2011.

Plaintiff reports that he is unable to work due to low back pain, as well as pain in his arms and hands. He reports that these problems began when he fell out of a barn loft in 1986. He also reports having major problems with his bowels, including incontinence. He has been treated by his primary care physician, Dr. Bates, since 1983. Additionally, he has seen Drs. Lacy and Dvorak for his bowel issues. He underwent both a sphincterotomy and a hemorrhoidectomy in 2011. Jennifer Wilke-Deaton, MA, LPA performed a psychological evaluation for the purposes of Buis's disability application. Ms. Wilke-Deaton assessed a Global Assessment of Functioning (GAF) of 40 and felt that Plaintiff would benefit from counseling.

**IV. Analysis**

    **A. The ALJ did not err in failing to find that Plaintiff's lumbar pain, stenosis, and foraminal narrowing were severe impairments.**

Step two in the disability evaluation process requires an ALJ to consider the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is severe if it

"significantly limits an individual's physical or mental ability to perform basic work activities." 20 C.F.R. § 404.1521(b). The Sixth Circuit has interpreted the step two severity requirement to be a "de minimis hurdle" and the severity of an impairment is "liberally construed in favor of the claimant" at this stage of the analysis. *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). If the ALJ finds that at least one of the claimant's alleged impairments is severe, the claim survives step two. 20 C.F.R. § 1520.1520(a)(4). Because the ALJ must consider both severe and non-severe impairments in the remaining steps of the analysis, any impairment erroneously labeled as non-severe is harmless error. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Having found that Plaintiff suffered from the severe impairments described previously, the ALJ considered the non-severe impairment of low back pain, as well. The ALJ discussed the MRI results with respect to Plaintiff's lumbar spine, as well as Plaintiff's diminished range of motion. The RFC indicates that Plaintiff has a diminished ability to stand, walk, and sit throughout a full eight hour workday. Accordingly, the ALJ did not err in finding that the lumbar pain, stenosis, and foraminal narrowing were not severe impairments within the meaning of the applicable regulations.

### B. The ALJ gave good reasons for declining to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Bates.

ALJs are required to give a treating source's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). If the ALJ does not give the treating physician's opinion controlling weight, the ALJ must provide good reasons for the weight given. *Id.* The reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citation omitted).

The ALJ considered Dr. Bates's opinion and gave it little weight, explaining that it was inconsistent with the objective medical evidence of record, as well as Plaintiff's own testimony. For instance, Dr. Bates opined that Plaintiff was extremely limited in his ability to walk and stand, though Plaintiff used no assistive device for ambulation. Further, Plaintiff testified that he walked to his neighbor's house to socialize every day. While Dr. Bates opined that Plaintiff would only be able to lift ten pounds occasionally, the record is devoid of objective evidence

7

to support that finding, such as manual muscle testing to support this finding. The ALJ points out that during a consultative examination, Dr. Waltrip did not find any loss of strength and thought that Plaintiff would be able to lift moderately heavy objects without limitation. Further, the ALJ found that the positional and postural limitations assessed by Dr. Bates were not supported by the medical evidence. While Plaintiff's MRI studies showed that he had some degeneration in his lumbar spine, there was no evidence of nerve root compression. There is no evidence that more aggressive treatment such as injections or surgery had ever been discussed or that he had been referred to a specialist. With respect to Plaintiff's claims of incontinence, Dr. Bates's treatment notes indicate that, while at one time Plaintiff did experience a small amount of incontinence, he was no longer experiencing that problem and, in fact, had been complaining of constipation. Based on the ALJ's thorough and reasoned consideration of Dr. Bates's opinion, he did not err in assigning it little weight.

**V. CONCLUSION**

Accordingly, **IT IS ORDERED:**

(1) that the Commissioner's motion for summary judgment, [DE 10], is **GRANTED;** and

(2) that Plaintiff's motion for summary judgment, [DE 9], is **DENIED.**

This the 16th day of October, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge